IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HOUSING AUTHORITY, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-12670 |
| Plaintiff, | | |
| v. | | |
| SCOTT TURNER, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | | |
| Defendants. | | |

## **PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff moves for a temporary restraining order to remain effective until the Court can hear a forthcoming motion for a preliminary injunction. The requested TRO would stay United States Department of Housing and Urban Development (HUD) deadlines for the Chicago Housing Authority (CHA) to make certain unlawful and unconstitutional certifications to receive federal funding. The CHA has applications for funding, with HUD's newly imposed certifications, due most immediately on October 21, 2025, October 27, 2025, and October 29, 2025. The CHA is requesting a TRO to allow it to submit the request for FY 2026 operating funds and other HUD grants on time, without the disputed certifications, while the Court considers the merits of the CHA's challenges to these new certifications. In the alternative, the TRO would stay the deadline for the CHA to submit the applications for funds, pending such consideration.

As detailed in the brief accompanying this Motion, the CHA brings this Motion because HUD has put it in an impossible position by threatening to withhold funding that the CHA needs to house more than 130,000 Chicagoans unless the CHA will certify that it will, among other things, not "promote" what HUD calls "gender ideology"; not engage in undefined "DEI" practices; not "facilitate" illegal immigration; and not "promote" "elective" abortions. The certifications are hopelessly vague and subjective. HUD has no statutory authority to impose them. And HUD is threatening treble damages liability under the False Claims Act if they are violated.

Already, at least three other district courts have preliminarily enjoined HUD and other federal agencies from conditioning federal funding on these same certifications, which have been borrowed wholesale from several Executive Orders. *See, e.g.*, *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-cv-342-MRD-PAS, 2025 WL 2899764, at *12 (D.R.I. Oct. 10, 2025); *City of Fresno v. Turner*, No. 25-cv-07070-RS, 2025 WL 2721390, at * 20 (N.D. Cal. Sept. 23, 2025); *Martin Luther King, Jr. Cnty. v. Turner,* No. 2:25-cv-814, 2025 WL 2322763, at *21-22 (W.D. Wash. Aug. 12, 2015). The CHA urges this Court to do the same—first, by entering the requested TRO, which would merely pause any implementation of these certifications and still allow the CHA to submit on time its "Application for Federal Assistance SF-424" for 2026 funding and other HUD grants. Then, after briefing and any hearing on a motion for preliminary injunction (if needed), the CHA will ask the Court to declare these certifications unlawful and enjoin HUD from implementing or enforcing them.

Concurrently with this Motion, Plaintiff is filing a supporting brief and exhibits setting out the factual and legal grounds for relief, including a declaration by the CHA's Operating Chairman. As that brief shows, the CHA relies on HUD funding for over 95% of its annual operating budget.

These funds provide critical housing assistance to roughly 65,000 households with more than 130,000 residents in Chicago.

Most immediately, Defendants have set a deadline of October 21, 2025, by which the CHA must either provide certifications or lose access to over $180 million of critical operating funds that supports the CHA's operation of the public housing units it owns and leases. This funding is essential to house tens of thousands of Chicagoans. The following week, the CHA must submit requests for millions of dollars of additional funds to continue the work of the Jobs Plus and Family Self Sufficiency programs. Yet that is just the start. HUD is imposing these certifications—none of which are statutorily authorized—across all of its federal funding and programs.

This case and the unlawful certifications implicate about $1 billion in federal funding for the CHA, which is expected to provide over 95% of its operating revenue in 2026, as in years past. Without these funds, the CHA would collapse, and countless families (and indeed the Chicago rental market overall) would suffer massive disruption.

As the accompanying brief makes clear, all elements for a TRO are met:

- **Likelihood of success on the merits.** Defendants' abrupt new certifications are unconstitutionally vague in violation of the Fifth Amendment's Due Process Clause; violate the Administrative Procedure Act, both as being "not in accordance with law" and arbitrary and capricious; constitute "economic dragooning" in violation of the Tenth Amendment, *NFIB v. Sebelius,* 567 U.S. 519, 582 (2012); and violate bedrock separation of powers principles.

- **No adequate remedy at law.** Money damages cannot redress the disruption in housing for tens of thousands of Chicagoans that loss of federal funds would cause. Nor can money damages compensate the CHA for the disruption to its core mission of providing stable public housing or the loss of talent (both employees and contractors) and the threat of closure that a loss of federal funds would cause.

- **Irreparable harm and the balance of equities.** Without swift preliminary relief to preserve the status quo, the CHA faces irreparable harm far in excess of any countervailing harm to HUD from providing funding without requiring its new, unlawful certifications. And the public interest strongly favors both maintaining the stability of housing assistance that serves thousands of Chicago families and ensuring that federal agencies act within constitutional and statutory bounds.

WHEREFORE, Plaintiff asks that the Court:

1. Enter a temporary restraining order to preserve the status quo by restraining Defendants from requiring the CHA to make the challenged certifications in any applications for funding (or from withholding funding from the CHA for not making the certifications) for any request CHA files during the pendency of the TRO, including for the submissions due on October 21, 27, and 29, 2025, pending the court's review of whether the challenge certification are lawful; or,

2. Alternatively, staying HUD's deadlines for the CHA to apply for funding so that the CHA will not need to decide whether to certify until after the court rules on the lawfulness of the certifications;

3. Set a briefing schedule on whether to convert a TRO to a preliminary injunction and schedule a hearing (if necessary, as there may not be material factual disputes given the prevalence of legal questions); and

4. Grant such other relief as it deems just and proper.

A draft proposed Order is attached hereto as Exhibit A.

Dated: October 16, 2025

Respectfully submitted,

**THE CHICAGO HOUSING AUTHORITY**

/s  Charles D. Wysong

Matthew J. Piers
Caryn C. Lederer
Charles D. Wysong
Hughes Socol Piers
 Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, Illinois 60602
(312) 580-0100
mpiers@hsplegal.com
clederer@hsplegal.com
cwysong@hsplegal.com

Edward W. Feldman
Rachel Ellen Simon
Miller Shakman Levine & Feldman LLP
30 W. Monroe Street, Suite 1900
Chicago, Illinois 60603
(312) 263-3700
efeldman@millershakman.com
rsimon@millershakman.com