**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HOUSING AUTHORITY, a municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:25-cv-12670 |
| v. | ) ) | |
| SCOTT TURNER, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

[DRAFT PROPOSED]

**ORDER**

**ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter comes before the court on Plaintiff's motion for a temporary restraining order. The motion is GRANTED for the following reasons:

1. Plaintiff Chicago Housing Authority (CHA) has standing to challenge new certifications that the United States Department of Housing and Urban Development (HUD) is imposing on the CHA as requirements for continued federal funding.

2. The Court has jurisdiction over this dispute.

3. Plaintiff has shown that it is likely to succeed on the merits of its claims that HUD's new conditions—requiring the CHA to certify that it will not engage in certain acts constituting, relating to, promoting, or facilitating "DEI," "Gender Ideology," unlawful immigration, or elective abortions—are unconstitutionally vague, violating the Fifth

1

        Amendment's Due Process Clause; both "not in accordance with law" and arbitrary and capricious, violating the Administrative Procedure Act; "economic dragooning," in violation of the Tenth Amendment, *NFIB v. Sebelius*, 567 U.S. 519, 582 (2012); and in violation of separation of powers principles.

4. Plaintiff has shown that it faces irreparable harm and has no adequate remedy at law.

5. The balance of equities favor Plaintiff.

Therefore, upon consideration of Plaintiff's motion for a temporary injunction, it is hereby:

**ORDERED** that Plaintiff's motion for temporary restraining order is granted to the extent stated in this Order; and it is further,

**ORDERED** that, while this temporary restraining order is in effect, HUD, the HUD Secretary, and all other persons in active concert or participation with them (collectively, the "Enjoined Parties"), shall not:

(1) require the CHA to agree to, certify, or otherwise sign, endorse, or affirm, the agency's announced DEI, Gender Ideology, Immigration, or Reproductive Rights Certifications, or any substantively similar certifications or conditions, to apply for and to receive HUD funding;

(2) withhold funding from the CHA based on its not having agreed to these or similar certifications;

(3) retaliate against the Plaintiff for filing this lawsuit; or

(4) initiate any False Claims Act action against the CHA for certifying or not certifying its compliance with the DEI, Gender Ideology, Immigration, or Reproductive Rights Certifications or substantively similar certifications or conditions.

**ORDERED** that, while this temporary restraining order is in effect, the Enjoined Parties shall permit the CHA to submit requests for funding on time without making the challenged

Certifications. This includes the SF-424 form on or before October 21, 2025 for operating funding, the October 27, 2025 request for Jobs Plus Grant funding, the Family Self Sufficiency funding request due October 29, 2025, and any other request for HUD funding that is or shall become due during the pendency of this temporary restraining order. HUD shall permit the CHA to submit funding requests either without certifying the CHA's agreement to the Certifications or by treating such Certifications as having been submitted under protest and without waiver of any right or claim to challenge their legality.

[*In the alternative*] **ORDERED** that, while this temporary restraining order is in effect, the deadlines for the CHA to submit any funding requests to HUD are stayed and extended without prejudice to the CHA. This includes the October 21, 2025 request for operating funding, the October 27, 2025 request for Jobs Plus Grant funding, the Family Self Sufficiency funding request due October 29, 2025, and any other request for HUD funding that is or shall become due during the pendency of this temporary restraining order.

**ORDERED** that Defendants shall provide a copy of this Order to all Enjoined Parties.

**ORDERED** that Defendants shall file a status report within 24 hours of the issuance of this order, and every week thereafter while this Order is in effect, confirming all Enjoined Parties' compliance with this Order.

This Order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall continue until further order of this Court.

                                                                                              _____
                                                                                                         [NAME]
                                                                      United States District Court Judge